## BANKERS MORTG. CO. v. SCHWAB.

No. 19339. Opinion Filed Sept. 24, 1929.

J. A. Fleming and Blakemore & George, for plaintiff in error.

Edgerton & Vickers, for defendant in error.

RILEY, J. B. C. Schwab, as plaintiff below, secured judgment in the sum of $369, against plaintiff in error upon the following state of facts:

On June 17, 1927, Schwab contracted to purchase a bond of the value of $5,000 from the Bankers Mortgage Company, a corporation, acting through their agents, McCarroll & Elem, and signed an application contract for that purpose, which instrument provided that the first annual payment was to be paid on the date of application and that the salesman taking the application was authorized to collect no more than the first annual payment. Schwab on said date paid to said salesman the first of ten annual payments by delivering to him a check in the sum of $30.75 and a promissory note in the amount of $338.25, both of which were paid in full to the holder in due course. These instruments delivered in payment were indorsed by the salesman and delivered to the local bank. However, defendant's exhibit 3, introduced in evidence, is a receipt dated June 20, 1927, the Bankers Mortgage Company, acknowledging payment by Schwab and signed by the treasurer of plaintiff in error.

Subsequent to the contract of purchase, supra, and payment of the first annual installment, as a result of correspondence between the parties, plaintiff in error denied any knowledge of Schwab's purchase, and on November 1, 1927, the mortgage company wrote plaintiff below admitting that their

salesmen had authority to collect the amount paid on installment bonds at the time of signing the application, but not to exceed the first year, denying authority of salesmen to indorse checks in the name of the company, and stating:

"The payments which you state you made will not be recognized by us. * * * If the money had been paid to us or to a duly authorized agent, we would be obligated to issue a bond  Since it was not, as hereinbefore stated, you are not entitled to have a bond issued by us. We do not know of any theory on which we would be liable to pay you any money at this time."

On November 22, 1927, shortly after receipt of the letter of November 1, 1927, Schwab commenced the instant action, whereupon and on December 20, 1927, the mortgage company issued the bond and Schwab refused it. .

The only proposition presented on appeal is that the judgment is against the plain terms of the written contract and against the evidence.

The written contract contains the following clause.

"Any statement made by salesmen at variance with the bond shall not be binding on the company. The salesman taking this applicatio is authorized to collect no more than the first annual payment of $72 for each $1,000 bond, unless specially authorized in writing signed by the secretary of the Bankers Mortgage Company."

It is evidently the plaintiff in error's conception that Schwab seeks recovery based upon the salesman's parol statement that he could get his money out of the transaction when he desired.  Such is not the case. While it is true Schwab wrote the mortgage company that "according to Mr. Carroll's agreement, if at any time, I did not wish to complete the payments the amount would be immediately refunded," yet we find that after the parties entered into the contract, and after the purchase of the bond, the plaintiff, had paid in the form of a check and note the amount authorized to be received by the agent of the mortgage company, and after the funds paid were received by the mortgage company, evidenced by the receipt in evidence, the mortgage company announced its intention to refuse to perform conditions of its contract and renounced its liabilities therefor.

Thereupon Schwab elected to sue for the recovery of the amount paid by him, treating the contract as at an end, as he had a right to do. Hayes v. Stortz, 131 Mich. 63, 90 N. W. 678; 13 C. J. 651-701.

Thereupon the mortgage company sought to perform the conditions of the contract by tendering the bond. We hold the effort to perform came too late. The contract had been broken and plaintiff below was entitled to the recovery granted under the judgment.

Affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

ANDREWS, J., absent, not participating.